UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CASEY PERRY #244528,

               Plaintiff,                           Hon. Janet T. Neff

v.                                                 Case No. 1:17-cv-927

MARY BUSH,

               Defendant.

_____/


### REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion for Summary Judgment, (ECF No. 33), Plaintiff's Motion for Default Judgment, (ECF No. 38), and Plaintiff's Motion for Summary Judgment, (ECF No. 40). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **granted**, Plaintiff's motions be **denied**, and this matter **terminated**.


### BACKGROUND

In his Amended Complaint, (ECF No. 14), Plaintiff makes the following allegations. On June 21, 2015, Plaintiff reported to health care to receive a shot of insulin. Because multiple people receive insulin drawn from a single bottle, certain safety precautions should be implemented. Specifically, the insulin bottle should be "rolled," to mix the contents, and the top wiped prior to withdrawing the contents. Before receiving his insulin shot, Plaintiff instructed Registered Nurse Mary Bush to comply with these safety precautions. Bush refused Plaintiff's instruction and instead "told [him] he can leave." Plaintiff opted to exit health care without receiving his insulin shot.

On September 11, 2015, Plaintiff reported to health care to receive to receive an insulin shot. Plaintiff instructed Bush "to roll and wipe off the top of this insulin bottle before she draws up

his insulin dose." Bush responded by telling Plaintiff to "leave" health care. On September 12, 2015, Plaintiff reported to health care to receive his insulin shot. Before providing Plaintiff with his medication, Bush stated to Plaintiff, "your insulin bottle has already been wiped off." Plaintiff responded by informing Bush, "you must wipe off the top of the bottle in my presence." Bush responded by declining to provide Plaintiff with insulin.

On September 13, 2015, Plaintiff reported to health care to receive an insulin shot. Plaintiff requested that Bush "roll" the insulin bottle and wipe off the top before drawing his insulin dose. Bush refused and ordered that Plaintiff be removed from health care. On September 14, 2015, Plaintiff reported to health care to receive an insulin shot. Plaintiff asked the nurse treating him to "roll" the insulin bottle before withdrawing his dosage. Bush interjected by instructing the nurse that she did not need to comply with Plaintiff's request. Bush then instructed Plaintiff to exit health care.

Plaintiff initiated this action against Mary Bush alleging that her conduct during these five incidents constitute deliberate indifference to his serious health needs in violation of his Eighth Amendment rights. Defendant Bush now moves for summary judgment. Plaintiff has responded by moving for default judgment and summary judgment.

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the

moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357.   The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient.   *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).   The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial."   *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004).   Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof."   *Id.* at 353-54.   In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."   *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof  faces a "substantially

higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002).   Where the moving party has

the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could

find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986).

The Sixth Circuit has emphasized that the party with the burden of proof "must show the record

contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no

reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561.   Accordingly, summary

judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is

susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S.

541, 553 (1999).

## ANALYSIS

I.        **Plaintiff's Motion for Default Judgment**

        Plaintiff moves the Court to enter "default judgment" against Defendant Bush pursuant

to Federal Rule of Civil Procedure 55(a).   Plaintiff's request contains an inherent inconsistency in

that Rule 55(a) concerns entry of default whereas default judgments are addressed by Rule 55(b).

Thus, it is not clear whether Plaintiff is seeking entry of default or default judgment.   Ultimately, this

lack of clarity is of no consequence as Plaintiff is not entitled to entry of default or default judgment.

        Plaintiff argues that entry of default is appropriate because Defendant "failed to plead

or otherwise defend" his claims.   This allegation is belied by the facts.   Plaintiff initiated this action

on October 24, 2017.   On December 5, 2017, the Court ordered that Plaintiff's complaint be served

on Defendant Bush.   On December 13, 2017, Defendant Bush executed a Waiver of Service which,

therefore, afforded her 60 days to respond to Plaintiff's complaint.   Under federal law, Defendant

was not required to file an answer or other respond to Plaintiff's complaint.   *See* 42 U.S.C. §

-4-

1997e(g)(1).   Instead, Defendant was only required to file an appearance which she timely accomplished on February 8, 2018.   Discovery then commenced pursuant to the Court's Case Management Order after which both parties filed dispositive motions.   Plaintiff's motion for entry of default is without merit.

To the extent that Plaintiff's motion is interpreted as a request for entry of default judgment, the result is the same.   A party is not entitled to a default judgment unless a default has first been entered.   *See, e.g., Outreach v. Vilsack*, 2014 WL 12586317 at *1 (S.D. Ohio, Dec. 9, 2014).   Default, however, has not been entered against Defendant Bush.   Accordingly, Plaintiff's request for default judgment is likewise without merit.   The undersigned recommends, therefore, that Plaintiff's motion for default and/or default judgment be denied.

## II.       Plaintiff's and Defendant's Motions for Summary Judgment

As previously noted, Plaintiff has identified five discreet incidents each of which he alleges constitute an unlawful denial of medical treatment in violation of his Eighth Amendment rights. Plaintiff asserts that he is entitled to summary judgment.   Defendant Bush, on the other hand, argues that she is entitled to qualified immunity.   As discussed below, however, the Court concludes that Plaintiff has failed to demonstrate entitlement to relief whereas Defendant Bush has demonstrated that she is entitled to qualified immunity.

### A.       Qualified Immunity Standard

The doctrine of qualified immunity recognizes that government officials must be able to carry out their duties without fear of harassing litigation.   *See Davis v. Scherer*, 468 U.S. 183, 195 (1984).   As is well recognized, they can do so only if they reasonably can anticipate when their conduct may give rise to liability for damages, and if unjustified lawsuits are quickly terminated.

*Ibid.*   Generally, when government officials perform discretionary functions, they are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.   *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also, Behrens v. Pelletier*, 516 U.S. 299, 301 (1996).   The question whether a defendant enjoys qualified immunity is a question of law for the Court to resolve.   *See Virgili v. Gilbert*, 272 F.3d 391, 392 (6th Cir. 2001).

When evaluating claims of qualified immunity, the Court employs a two-step analysis. The Court first determines "whether the facts that a plaintiff has alleged or shown make out a violation of a constitutional right."   *Pearson v. Callahan*, 555 U.S. 223, 232 (2009).   If such fail to establish a violation of the plaintiff's constitutional rights, the defendant is entitled to immunity.   *Ibid.*   On the other hand, if the facts establish a violation of the plaintiff's constitutional rights, the Court must then determine whether the right in question was "clearly established" at the time the defendant acted. The defendant is entitled to qualified immunity unless his "conduct violated a clearly established constitutional right."   *Ibid.*

Generally, to find a clearly established constitutional right, the district court "must find binding precedent by the Supreme Court, its Court of Appeals or itself."   *Fisher*, 398 F.3d at 845. In extraordinary circumstances, however, the decisions of other courts may suffice if such decisions "both point unmistakably to the unconstitutionality of the conduct complained of and are so clearly foreshadowed by applicable direct authority as to leave no doubt in the mind of a reasonable officer that his conduct, if challenged on constitutional grounds, would be found wanting."   *Fisher*, 398 F.3d at 845-46.   A single idiosyncratic opinion from another circuit's court of appeals, however, is

insufficient to put a defendant on notice of how the Sixth Circuit might decide the issue in question. *See Davis v. Holley*, 835 F.2d 1175, 1182 (6th Cir. 1987).

The inquiry whether a particular right was clearly established "must be undertaken in light of the specific context of the case, not as a broad general proposition." *Moldowan v. City of Warren*, 578 F.3d 351, 375 (6th Cir. 2009). The contours of the right in question "must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Fisher v. Harden*, 398 F.3d 837, 845 (6th Cir. 2005). While it "is often appropriate" to evaluate qualified immunity claims by analyzing the two analytical steps in sequence, such is no longer mandated. *See Callahan*, 555 U.S. at 236. As the *Callahan* Court stated, "[t]he judges of the district courts. . .should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id.*

Finally, once a defendant asserts the defense of qualified immunity, the burden shifts to the plaintiff "to demonstrate both that the challenged conduct violated a constitutional or statutory right, and that the right was so clearly established at the time of the conduct 'that every reasonable official would have understood that what he [was] doing violate[d] that right.'" *T.S. v. Doe*, 742 F.3d 632, 635 (6th Cir. 2014) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011). This does not require the plaintiff to identify "a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *al-Kidd*, 563 U.S. at 741.

B.    Analysis

Plaintiff alleges that his Eighth Amendment rights were violated in this matter. The general contours of the Eighth Amendment are well known. The Eighth Amendment protects against

the unnecessary and wanton infliction of pain, the existence of which is evidenced by the "deliberate indifference" to an inmate's "serious medical needs."  *Estelle*, 429 U.S. at 104-06; *Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001).

The analysis by which a defendant's conduct is evaluated consists of two-steps.  First, the Court must determine, objectively, whether the alleged deprivation was sufficiently serious.  A "serious medical need," sufficient to implicate the Eighth Amendment, is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008).  If the objective test is met, the Court must then determine whether the defendant possessed a sufficiently culpable state of mind:

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837.

Just as well known is the principle that the Eighth Amendment is not implicated if the plaintiff merely disagrees with the treatment he received, or asserts that he received negligent care. *See Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999) (citing *Estelle*, 429 U.S. at 105-06) ("[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner"); *Brown v. Kashyap*, 2000 WL 1679462 at *1 (6th Cir., Nov. 1, 2000) (citing *Estelle*, 429 U.S. at 106) ("allegations of medical malpractice or negligent diagnosis and treatment" do not implicate the Eighth Amendment); *Mingus v. Butler*, 591 F.3d 474, 480 (6th Cir. 2010) (to prevail on an Eighth Amendment denial of medical treatment claim, "the inmate must show more than negligence

-8-

or the misdiagnosis of an ailment"); *Robbins v. Black*, 351 Fed. Appx. 58, 62 (6th Cir., Nov. 3, 2009) ("mere negligence or malpractice is insufficient to establish an Eighth Amendment violation").   An examination of the evidence in this matter reveals that Plaintiff simply disagrees with the manner in which Defendant Bush attempted to provide him with medical care.

      1.     June 21, 2015

Defendant Bush has submitted an affidavit in which she asserts she did not deny Plaintiff medication or medical treatment.  (ECF No. 36-1 at 291-93).  Bush further asserts that Plaintiff "refuses to allow his insulin to be administered if it is not drawn up the way he wants."  (ECF No. 36-1 at 291-93).  Plaintiff, in his affidavit, merely asserts that Defendant refused his request to "roll" the insulin bottle and wipe off the top before drawing his insulin dose.  (ECF No. 40-2 at PageID.322-24).  While Plaintiff might prefer that Defendant perform her medical duties in the manner he requested, Defendant's failure to do so does not implicate the Eighth Amendment. Plaintiff is not entitled to receive medical treatment in the manner he demands.  *See, e.g., Heard v. Parker*, 2018 WL 6435863 at *10 (M.D. Tenn., Dec. 6, 2018) ("while an inmate has a right to appropriate medical care, he does not have a right to the medical care of his choosing").

Furthermore, to the extent Plaintiff claims that a delay in treatment violated his rights, he must present medical evidence establishing that he suffered a detrimental effect as a result of the alleged delay in treatment.  *See, e.g., Blackmore v. Kalamazoo County*, 390 F.3d 890, 898 (6th Cir. 2004) ("an inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed").   Plaintiff has presented no such evidence.   The evidence

demonstrates, at most, that Plaintiff suffered negligence or medical malpractice neither of which implicate the Eighth Amendment.

### 2.    September 11, 2015

Defendant Bush asserts that she did not deny Plaintiff medication or medical treatment, but that Plaintiff simply "refuses to allow his insulin to be administered if it is not drawn up the way he wants." (ECF No. 36-1 at 291-93). Plaintiff asserts that Defendant refused his request to "roll" the insulin bottle and wipe off the top before drawing his insulin dose. (ECF No. 40-2 at PageID.322-24). Plaintiff has also submitted an affidavit from a fellow prisoner, David Middleton, who asserts that Plaintiff demanded that Defendant wipe off the top of the insulin bottle before drawing his dose. (ECF No. 40-3 at PageID.327). This evidence does not establish a violation of the Eighth Amendment, but again demonstrates, at most, that Plaintiff suffered negligence or medical malpractice neither of which implicate the Eighth Amendment.

### 3.    September 12, 2015

Defendant Bush asserts that she did not deny Plaintiff medication or medical treatment, but that Plaintiff simply "refuses to allow his insulin to be administered if it is not drawn up the way he wants." (ECF No. 36-1 at 291-93). Plaintiff asserts that Defendant refused his request to "roll" the insulin bottle and wipe off the top before drawing his insulin dose. (ECF No. 40-2 at PageID.322-24). Plaintiff has also submitted an affidavit from a fellow prisoner, David Middleton, who asserts that Plaintiff told Defendant that he "must see her wipe off the top of his insulin bottle in his presence." (ECF No. 40-3 at PageID.329). This evidence does not establish a violation of the Eighth Amendment, but again demonstrates, at most, that Plaintiff suffered negligence or medical malpractice neither of which implicate the Eighth Amendment.

-10-

4.    September 13, 2015

Defendant Bush asserts that she did not deny Plaintiff medication or medical treatment, but that Plaintiff simply "refuses to allow his insulin to be administered if it is not drawn up the way he wants."  (ECF No. 36-1 at 291-93).   Plaintiff asserts that Defendant refused his request to "roll" the insulin bottle and wipe off the top before drawing his insulin dose.   (ECF No. 40-2 at PageID.322-24).   Plaintiff has also submitted an affidavit from a fellow prisoner, Gregory Scott, who asserts that Plaintiff demanded that Defendant "roll" the insulin bottle and wipe off the top before drawing his insulin dose.  (ECF No. 40-3 at PageID.330).   This evidence does not establish a violation of the Eighth Amendment, but demonstrates, at most, that Plaintiff suffered negligence or medical malpractice neither of which implicate the Eighth Amendment.

5.    September 14, 2015

Defendant Bush asserts that she did not deny Plaintiff medication or medical treatment, but that Plaintiff simply "refuses to allow his insulin to be administered if it is not drawn up the way he wants."  (ECF No. 36-1 at 291-93).   Plaintiff asserts that Defendant refused his request to "roll" the insulin bottle and wipe off the top before drawing his insulin dose.   (ECF No. 40-2 at PageID.322-24).   Plaintiff has also submitted an affidavit from a fellow prisoner, Robert Molina, who asserts that Plaintiff refused to accept his insulin unless the insulin bottle was first "rolled and mixed."   (ECF No. 40-3 at PageID.331).   This evidence does not establish a violation of the Eighth Amendment, but demonstrates, at most, that Plaintiff suffered negligence or medical malpractice neither of which implicate the Eighth Amendment.

Despite having the burden to demonstrate that Defendant is not entitled to qualified immunity, Plaintiff has failed to identify any authority holding or suggesting that the Eighth

Amendment is violated where a prisoner declines treatment unless provided in the manner he dictates. Instead, Plaintiff mistakenly asserts that "qualified immunity is not a defense to a claim brought under the Civil Rights Act."  (ECF No. 40-1 at PageID.316).   In sum, Plaintiff has failed to meet his burden to demonstrate that the events giving rise to this action, as indicated by the evidence submitted, violate clearly established Eighth Amendment standards of which Defendant would have reasonably been aware.   Accordingly, the undersigned recommends that Plaintiff's motion for summary judgment be denied and Defendant's motion for summary judgment be granted.

## <u>CONCLUSION</u>

For the reasons articulated herein, the undersigned recommends that <u>Plaintiff's Motion for Default Judgment</u>, (ECF No. 38), be **denied**; <u>Plaintiff's Motion for Summary Judgment</u>, (ECF No. 40), be **denied**; <u>Defendant's Motion for Summary Judgment</u>, (ECF No. 33), be **granted**; and this matter **terminated**.  The undersigned further recommends that appeal of this matter would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Dated: January 22, 2019                    /s/ Ellen S. Carmody
                                      ELLEN S. CARMODY
                                      United States Magistrate Judge

-12-